**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **BANNER LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | **Judge** |
| | ) | |
| **KAYLA KEYT, in her individual capacity, and as Administrator of the Estate of Ashley E. Flynn, and as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., MATTHEW KEYT, in his capacity as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., RICHARD T. SMITH, JILL SMITH, CALEB FLYNN, KIMBERLY L. FLYNN, in her personal capacity and as Power of Attorney for CALEB FLYNN, MICHAEL FLYNN, ADAM FLYNN** | ) | **Magistrate Judge** |
| **Defendants.** | | |

**BANNER LIFE INSURANCE COMPANY'S**
**COMPLAINT FOR INTERPLEADER**

Plaintiff Banner Life Insurance Company ("Banner"), by its attorneys, Porter, Wright, Morris & Arthur, LLP, states as follows for its Complaint for Interpleader:

## PARTIES

1. Banner is an insurance company duly organized and existing under the laws of the State of Maryland, with its principal place of business located in Maryland, and it is a citizen of Maryland pursuant to 28 U.S.C. § 1332(c)(1).

2. Ashley E. Flynn ("Ashley") was a citizen of the State of Ohio who resided in Tipp City, Ohio when she died. Kayla Keyt has applied to be appointed administrator of Ashley's estate,

designated Case No. 20261393 in the Probate Division of the Common Pleas Court of Miami County, Ohio (the "Estate"). The Estate is a citizen of Ohio.

3. Kayla Keyt ("Kayla") is a citizen of the State of Ohio who resides in Tipp City, Ohio. Kayla is Ashley Flynn's sister and only living sibling and was appointed co-interim/temporary emergency custodian of minor defendants A.F. and A.F. pursuant to the Interim Order entered on February 20, 2026 in the Juvenile Division of the Commons Pleas Court of Miami County, Ohio.

4. Matthew Keyt ("Matthew") is a citizen of the State of Ohio who resides in Tipp City, Ohio. Matthew is Kayla's husband and was appointed co-interim/temporary emergency custodian of minor defendants A.F. and A.F. pursuant to the Interim Order entered on February 20, 2026 in the Juvenile Division of the Commons Pleas Court of Miami County, Ohio.

5. Defendants A.F. and A.F. are minors and citizens of the State of Ohio (collectively, the "Minors"). The Minors reside in Tipp City, Ohio with Kayla and Matthew and are the only children of Caleb Flynn and Ashley.

6. Richard T. Smith ("Richard") is a citizen of the State of Ohio who resides in Tipp City, Ohio. Richard is Ashley's father.

7. Jill Smith ("Jill") is a citizen of the State of Ohio who resides in Tipp City, Ohio. Jill is Ashley's mother.

8. Caleb Flynn ("Caleb") is a citizen of the State of Ohio who is incarcerated and, upon information and belief, is presently residing in Toledo, Ohio at the Toledo Correctional Institution. Caleb appointed Kimberly Flynn as his Agent under a General Power of Attorney dated February 27, 2026.

9. Kimberly Flynn ("Kimberly") is a citizen of the State of Minnesota who resides in

Ramsey, Minnesota. Kimberly is Caleb Flynn's mother and his Agent under a General Power of Attorney dated February 27, 2026.

10. Michael Flynn ("Michael") is a citizen of the State of Minnesota who resides in Ramsey, Minnesota. Michael is Caleb's father.

11. Adam Flynn ("Adam") is a citizen of the State of Minnesota who resides in Big Lake, Minnesota. Adam is Caleb's brother and only living sibling.

## JURISDICTION AND VENUE

12. This is an action in interpleader brought pursuant to Fed. R. Civ. P. 22, 28 U.S.C. § 1332(a), and 28 U.S.C. § 1335, and it concerns the rights and obligations of the parties pursuant to a life insurance policy Banner issued on the life of Ashley in the face amount of $100,000.

13. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are of diverse citizenship and the amount at issue is in excess of $75,000. This Court also has jurisdiction over this matter under 28 U.S.C. § 1335 because diversity of citizenship exists between at least two of the Defendants and the amount at issue is in excess of $500.

14. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action and one or more of the claimants resides in this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue also is proper in this Judicial District under 28 U.S.C. § 1397 in that this is a civil action in interpleader and one or more of the claimants resides in this Judicial District.

## CLAIM FOR RELIEF IN INTERPLEADER

15. On March 11, 2016, Banner issued a renewable and convertible term life insurance policy on the life of Ashley, which policy was designated Policy No. 181174250 and was issued to Caleb as the owner (the "Policy"). The face amount of the Policy is One Hundred Thousand and

00/100 Dollars ($100,000.00) (the "Proceeds"). A copy of the Policy is attached as Exhibit 1.

16. Ashley's signed application for the Policy (the "Application") designated Caleb, Ashley's spouse, as the Policy's sole primary beneficiary. The Application did not identify any contingent owners or contingent beneficiaries. A redacted copy of the Application is attached as Exhibit 2.

17. Ashley was murdered by Caleb on February 16, 2026.

18. Four days later, on February 20, 2026, Kayla notified Banner of Ashley's death and informed Banner of her intent to submit a claim for the Proceeds in her capacity as co-interim/temporary emergency custodian of the Minors.

19. On September 29, 2026, Caleb Flynn was convicted of Ashley's homicide, which included one count of murder, one count of aggravated murder, one count of felony murder, two counts of felonious assault and three counts of tampering with evidence. *See* Case No. 2026 CR 00088, General Division of the Common Pleas Court of Miami County, Ohio.

20. Ohio's so-called "slayer statute" bars Caleb from receiving the Proceeds. Ohio Rev. Code Ann. § 2105.19 (providing that "no person who is convicted of, pleads guilty to, or is found not guilty by reason of insanity of a violation of or complicity in the violation of section…2903.02…shall in any way benefit by the death.").

21. Under the slayer statute, "all … insurance proceeds, or other property or benefits payable or distributable in respect of the decedent's death, shall pass or be paid or distributed as if the person who caused the death of the decedent had predeceased the decedent." Ohio Rev. Code Ann. § 2105.19.

22. In light of Caleb's conviction and the operation of the slayer statute, the Proceeds are payable as though Caleb predeceased Ashley. *See* Ohio Rev. Code Ann. § 2105.19.

23. Under the Policy, when the Beneficiary predeceases the Insured, the Proceeds are payable to any surviving Beneficiaries; or if no Beneficiaries survive the Insured, the Proceeds are payable to the Policy's surviving Contingent Beneficiary; or if no Contingent Beneficiaries survive the Insured, the Proceeds are payable to the Owner; or if the Owner is not living, to the Owner's estate. Exhibit 1, p. 19**,** Death of a Beneficiary.

24. The Policy's order of distribution is not enforceable under the slayer statute as it would mean paying the Proceeds to Caleb's estate and, thereby, allowing him to benefit by Ashley's death. *See* Ohio Rev. Code Ann. §2105.19.

**REQUEST FOR INTERPLEADER RELIEF**

25. Banner admits its total liability under the Policy in the amount of $100,759.77, inclusive of interest and premium refunds, as of November 18, 2026.

26. By operation of Ohio Rev. Code Ann. § 2105.19, the terms of the Policy, and by virtue of their relationships to Caleb and Ashley, each of the Defendants has an actual or potential interest in the Proceeds.

27. The conflicting interests of the Defendants to the Proceeds give rise to a real and reasonable fear of exposure on Banner's part to double liability and multiple litigation if Banner were to pay the Proceeds to any of the Defendants.

28. Banner is a disinterested stakeholder claiming no interest in the Proceeds and is indifferent as to which of them is entitled to those amounts. Justice and equity dictate that Banner should not be subject to the disputes, or potential disputes, among Defendants as to the Proceeds.

29. Banner seeks to discharge its admitted liability under the Policy by depositing the Proceeds with this Court.

30. The Defendants are joined in this Interpleader so that this Court can identify the

individual or individuals who are entitled to the Proceeds.

31. Banner respectfully requests that this Court order the Defendants to litigate all matters relevant to the Proceeds and the Policy amongst themselves, dismiss and discharge Banner from all further proceedings, and award Banner its reasonable attorney's fees and costs out of the proceeds deposited with the Court.

32. Contemporaneous with the filing of this Complaint for Interpleader, Banner brings a motion for leave to deposit with the Clerk of the Court its admitted liability under the Policy.

**WHEREFORE**, Banner Life Insurance Company prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting Banner Life Insurance Company leave to deposit the Proceeds with the Clerk of this Court to await further Order of this Court;

B. Enjoining Kayla Keyt, in her individual capacity, and as Administrator of the Estate of Ashley E. Flynn, and as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., Matthew Keyt, in his capacity as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., Richard T. Smith, Jill Smith, Caleb Flynn, Kimberly L. Flynn, in her personal capacity and as Power of Attorney for Caleb Flynn, Michael Flynn, and Adam Flynn during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Banner Life Insurance Company in any state or federal court or other forum with respect to the Proceeds, Policy No. 181174250, or on account of the death of Ashley E. Flynn, and that said injunction issue without bond or surety;

C. Granting judgment to Banner Life Insurance Company with the finding that it has no further liability to Kayla Keyt, in her individual capacity, and as Administrator of the

Estate of Ashley E. Flynn, and as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., Matthew Keyt, in his capacity as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., Richard T. Smith, Jill Smith, Caleb Flynn, Kimberly L. Flynn, in her personal capacity and as Power of Attorney for Caleb Flynn, Michael Flynn, and Adam Flynn or to any person or entity claiming through them, for the Proceeds, or on account of Policy No. 181174250 or the death of Ashley E. Flynn;

D. Entering an Order finding that Banner Life Insurance Company has acted in good faith by interpleading its admitted liability with the Clerk of the Court;

E. Entering judgment in favor of Banner Life Insurance Company and against Kayla Keyt, in her individual capacity, and as Administrator of the Estate of Ashley E. Flynn, and as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., Matthew Keyt, in his capacity as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., Richard T. Smith, Jill Smith, Caleb Flynn, Kimberly L. Flynn, in her personal capacity and as Power of Attorney for Caleb Flynn, Michael Flynn, Adam Flynn, and any other person or entity claiming through them, on Banner Life Insurance Company's Complaint for Interpleader, with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

F. Excusing and dismissing Banner Life Insurance Company from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Kayla Keyt, in her individual capacity, and as Administrator of the Estate of Ashley E. Flynn, and as co-interim/temporary emergency custodian of minor defendants A.F. and A.F., Matthew Keyt, in his capacity as co-interim/temporary emergency custodian of

minor defendants A.F. and A.F., Richard T. Smith, Jill Smith, Caleb Flynn, Kimberly L. Flynn, in her personal capacity and as Power of Attorney for Caleb Flynn, Michael Flynn, and Adam Flynn, to litigate their claims and contentions to the Proceeds without further involving Banner Life Insurance Company;

G. Awarding Banner Life Insurance Company its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court or to its Clerk; and

H. Granting Banner Life Insurance Company such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

BANNER LIFE INSURANCE COMPANY

By: /s/ Anthony V. Graber

Anthony V. Graber (0095691), Trial Attorney
Porter, Wright, Morris & Arthur LLP
One South Main Street, Suite 1600
Dayton, OH 45402-2028
(937) 449-6715 (tel)
(937) 449-6820 (fax)
tgraber@porterwright.com

Joseph R. Jeffery (IL Bar #6239226)
*Pro hac vice application forthcoming*
Heidi A. Kutchek (IL. Bar #6349501)
*Pro hac vice application forthcoming*
Chittenden, Murday & Novotny LLC
303 W. Madison Street, Suite 2400
Chicago, Illinois 60606
(312) 281-3627 (tel)
(312) 281-3629 (tel)
(312) 281-3678 (fax)
jjeffery@cmn-law.com
hkutchek@cmn-law.com
*Attorneys for Plaintiff Banner Life Insurance Company*